UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE JOHNSON, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:03-CV-1129 (JCH) |
| STATE OF CONNECTICUT, : | |
| DEPARTMENT OF CORRECTIONS., : | |
|     Defendant. : | APRIL 26, 2006 |

**RULING RE: DEFENDANT'S SUPPLEMENTAL MOTION
FOR SUMMARY JUDGMENT AND MOTION FOR RECONSIDERATION
[DOC. NO. 36]**

Pursuant to this court's September 28, 2005 Ruling Re: Defendant's Motion for Summary Judgment, the defendant, the State of Connecticut Department of Corrections ("DOC"), has moved for summary judgment on plaintiff Bruce Johnson's religious discrimination claims and pre-1999 failure-to-promote claims under section 2000(e) et seq. of Title 42 of the United States Code ("Title VII"). The DOC has also moved for reconsideration of this court's determination that the DOC has waived its sovereign immunity defense regarding Johnson's claims under section 1981 of Title 42 of the United States Code. In response, Johnson argues, inter alia, his pre-1999 claims are not barred by the statute of limitations, and that he has produced evidence demonstrating a prima facie case of religious discrimination.

**I.    Motion for Reconsideration**

The DOC has moved for reconsideration of this court's determination, in its September 28, 2005 ruling, that the DOC could not assert a sovereign immunity defense against Johnson's section 1981 claim because, under the rationale of Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613 (2003), it had waived its

sovereign immunity by removing the suit to federal court.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

While the court found, in its prior ruling, that the DOC had waived its sovereign immunity with regard to Johnson's section 1981 claim, it ultimately granted summary judgment to the DOC on Johnson's claim because Johnson failed to properly plead his claim under section 1983 of Title 42 of the United States Code. See Order, November 20, 2005 [Doc. No. 33]. Therefore, the DOC's argument regarding sovereign immunity is moot. In addition, although the DOC points to Stewart v. State of North Carolina, 393

F.3d 484 (4th Cir. 2005), in support of its position that it has not waives its sovereign immunity defense, it has failed to point to any controlling authority entitling it to reconsideration.

Accordingly, the DOC's motion for reconsideration is DENIED.

## II.  Motion for Summary Judgment

The factual background regarding Johnson's claims is recounted in the court's September 28, 2005 Ruling.  Neither party has submitted additional evidence in support of its pleadings.

### A.  Legal Standard

Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Hermes Int'l v. Lederer de Paris Fifth Ave, Inc., 219 F.3d 104, 107 (2d Cir. 2000). The moving party bears the burden of showing that no genuine factual dispute exists. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)).  When reasonable persons applying the proper legal standards could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury.  Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "offer such proof as would allow a reasonable juror to return a verdict in his favor." Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).  "Only

3

when that proof is slight is summary judgment appropriate." Id.  A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a Summary Judgment Motion." Lipton v. The Nature Company, 71 F.3d 464, 469 (2d Cir. 1995) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986)).  Additionally, a party may not rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party may not rely on conclusory statements or an argument that the affidavits in support of the Summary Judgment Motion are not credible).

In failure-to-promote cases brought under Title VII, courts follow the now-familiar, burden-shifting Title VII analysis first announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-149 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-511 (1993); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-256 (1981).

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court "set forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment." Burdine, 450 U.S. at 253.  The initial burden in a disparate treatment claim brought under the Title VII is on the plaintiff to establish a prima facie case of discrimination.  To do so, the plaintiff must show (1) that he was in the protected group, (2) that the plaintiff applied for a position for which he was

qualified, (3) that the plaintiff was subject to an adverse employment decision, and (4) that the decision occurred under circumstances giving rise to an inference of discrimination.  See e.g., Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001).   To establish the fourth prong, a plaintiff "may raise such an inference by showing that the employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group."  Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000).

Once a plaintiff has established a prima facie case, a rebuttable presumption of discrimination arises, and the burden shifts to the defendant to offer a legitimate, non-discriminatory reason for its actions.  See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981).   Once a defendant offers a legitimate, non-discriminatory reason for its actions, the burden shifts back to the plaintiff to fulfill his ultimate burden of proving that the defendant intentionally discriminated against him in the employment decision.  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000).  In order to satisfy this burden, the plaintiff may attempt to prove that the legitimate, non-discriminatory reason offered by the defendant was not the employer's true reason, but was a pretext for discrimination.  Id.  Evidence that an employer's reason is false, combined with the evidence presented to establish a prima facie case, in some cases can be sufficient to sustain a plaintiff's burden, and a plaintiff need not have further evidence of discrimination.  Id.; see also Zimmerman v. Assoc. First Capital Corp., 251 F.3d 376, 381-82 (2d Cir. 2001).  Ultimately, a finder of fact may consider the strength

of the prima facie case, the probative value of the proof that the defendant's reason is pretextual, and any other evidence presented in the case when determining if the plaintiff has sustained her burden.  Zimmerman, 251 F.3d at 381-82.

However, even courts mindful of the fact that "summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated" have nonetheless granted summary judgment at the pretext stage where the plaintiff has "provided no indication that any evidence exists that would permit the trier of fact to draw a reasonable inference of pretext."  See Meiri v. Dacon, 759 F.2d 989, 997 (2d Cir. 1985);  see also Dister, 859 F.2d 1108; Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998)(reversing jury verdict in ADEA case because "Norton's very weak prima facie case, combined with an at best highly dubious showing of pretext, that in itself does not implicate discrimination, is simply not enough to support the jury's conclusion that he was fired because of his age.") Summary judgment was appropriate where the "plaintiff presented no evidence upon which a reasonable trier of fact could base the conclusion that [discriminatory animus] was a determinative factor in defendants' decision to fire him." Schnabel v. Abramson, 232 F.3d 83, 91 (2d Cir. 2000).

  **B.**  **Pre-1999 Failure to Promote Claims**

In its September 28, 2005 Ruling, the court found that the defendant had not moved for summary judgment on Johnson's Title VII claims that, on two occasions prior to 1999, Johnson applied for promotions that he did not receive because of race-based discrimination.  The court noted that the DOC could likely raise a statute of limitations

defense to Johnson's claims, as these alleged incidents of discrimination occurred prior to the 300-day period preceding Johnson's filing of complaints with the Equal Employment Opportunity Commission (EEOC) and the Connecticut Commission on Human Rights and Opportunities (CHRO) on December 27, 2000.  See 42 U.S.C. § 2000e-5; National RR Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002)("[A] litigant has up to 180 or 300 days after the unlawful practice happened to file a charge with the EEOC")(emphasis in original); Forsyth v Fed. Employment and Guidance Serv., 409 F.3d 565, 572 (2d Cir. 2005).

The DOC has now moved for summary judgment on Johnson's pre-1999 failure-to-promote claims, arguing that they are barred by the 300-day statute of limitations.  In response, Johnson argues that the 300-day limitation should not bar his claims based on the pre-1999 non-promotions because they are part of a continuing pattern of conducting constituting a continuing violation.

As the court noted in its September 28, 2005 ruling, the Second Circuit has described a "failure to promote" claim as a paradigmatic discrete act for which an action accrues for statute of limitations purposes on the date on which a decision not to promote occurs.  See  Forsyth v. Fed. Employment and Guidance Serv., 409 F.3d 565, 572 (2d Cir. 2005) ("For most discrete discriminatory acts, i.e., termination, failure to promote, denial of transfer, or refusal to hire . . . .").  Therefore, a "continuous violation" theory is not available to Johnson to toll the statute of limitations for his pre-1999 claims.  Because the pre-1999 non-promotions that Johnson raises in his pleadings

occurred before 300 days prior to his filing a complaint, failure-to-promote actions based on these non-promotions are time-barred.

Johnson also argues that the pre-1999 non-promotions are evidence that support his hostile work environment claim. However, the court has previously found that Johnson has not produce evidence sufficient to raise a genuine issue of material fact as to his hostile work environment claim. See September 28, 2005 Ruling, p. 26. In reaching this ruling, the court noted that the other non-promotions that are the heart of Johnson's complaint were not discriminatory, and that he failed to demonstrate other evidence of continuous and concerted discriminatory conduct. See Delrio v. Univ. of Connecticut Health Care, 292 F.Supp.2d 412 (D.Conn 2003) (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787 n.1 (1998). The pre-1999 non-promotions, even if they were found to be discriminatory, are not themselves sufficient to create an genuine issue of fact as to Johnson's hostile work environment claim. Moreover, Johnson has not produced evidence of a non-time-barred incident as part of his hostile work environment claim which would prevent the evidence of the pre-1999 promotions from being time-barred in support of that claim. See Morgan, 536 U.S. 101, 117-18 (2002).

Accordingly, summary judgment is GRANTED in favor of the DOC on Johnson's pre-1999 failure-to-promote claims.

### C. Religious Discrimination Claim

The DOC also moves for summary judgment on Johnson's claim that the DOC discriminated against him on the basis of religion. The only evidence in the record

concerning Johnson's religion is that, in staff meetings in May and June 2000, Brett Rayford, the Director of Mental Health and Addiction Services, was critical of Johnson for running a Christian-based 12-step program.  Johnson Dec., ¶ 36 [Doc. No. 27].  Johnson states that Rayford, "plainly directing his animosity toward the plaintiff, states that 'some of you need to leave your religion at home'" and threatened the staff with termination.  Id.  Johnson also states that he did not apply for a promotion that was posted in May 2000 due to these hostile comments.  Id. at ¶ 40.  Johnson is an assistant pastor at the McCullogh Temple C.M.E. Church in New Britain, Connecticut.  Id. at ¶ 2.

Johnson's failure to apply for the May 2000 position precludes his ability to state a prima facie case of employment discrimination under McDonnell Douglas.  See Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998)("We read McDonnell Douglas and Burdine generally to require a plaintiff to allege that she or he applied for a specific position or positions and was rejected therefrom . . . .").  Thus, no religious discrimination claim can be stated on the basis of the May 2000 non-promotion.  Johnson has also not produced evidence concerning his religious faith, or the religious faith of the DOC employees who were promoted ahead of him, in relation to any other promotion, nor has he argued specifically that his religious faith was a basis for discrimination in relation to any other particular promotion.  Therefore, Johnson has failed to make out a prima facie case of religious discrimination with regard to any of the promotions at issue.  Johnson has not demonstrated, for example, with regard to any

promotion at issue, that he was treated "less favorably than a similarly situated employee" of a different religious faith or religious involvement. Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000).

Accordingly, the DOC's motion for summary judgment is GRANTED with regard to Johnson's religious discrimination claim.[1]

### III.   Conclusion

For the foregoing reasons, the defendant's Supplemental Motion for Summary Judgment and Motion to Reconsider [Doc. No. 36] is GRANTED in part and DENIED in part. The defendant's motion for reconsideration is DENIED. The defendants' motion for summary judgment on the plaintiff's pre-1999 claims and religious discrimination claim is GRANTED. The clerk of court is directed to close the case.

**SO ORDERED.**

Dated this 26th day of April, 2006, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] In his reply memorandum, Johnson also argues that Rayford's comments created a hostile work environment for Johnson. However, in its September 28, 2005 ruling, the court considered Rayford's remarks in finding that Johnson had not produced sufficient evidence to demonstrate a genuine issue of material of fact with regard to his hostile work environment claim. September 28, 2005 Ruling, p. 26.